JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 14-9290-MWF(JCx)**          Date:  **February 23, 2015**
Title:     Sergio Flores, et al. -v- City of Baldwin Park, et al.

PRESENT: HONORABLE MICHAEL W. FITZGERALD, U.S. DISTRICT JUDGE

| Cheryl Wynn | None Present |
| Courtroom Deputy | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:          ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                               None Present

PROCEEDINGS (IN CHAMBERS):   ORDER REMANDING CLAIMS FOR LACK OF JURISDICTION [10]

Before the Court is the Motion to Remand filed by Plaintiffs Sergio Flores and Roxana Guevara on December 19, 2014.  (Docket No. 10).  Defendant City of Baldwin Park (erroneously sued as the City of Baldwin Park Police Department) filed its Opposition to Plaintiff's Motion to Remand and its Request for Judicial Notice on January 23, 2015.  (Docket Nos. 13, 14).  Plaintiffs filed their Reply on February 6, 2015.  (Docket No. 15).

The Court considered the papers and held a hearing on February 23, 2015. For the reasons stated below, the Court **GRANTS** the Motion and **REMANDS** this action to the Superior Court of the State of California for the County of Los Angeles because this Court lacks subject matter jurisdiction over the action.

**Background**

Plaintiffs filed this action against Defendant in the Los Angeles Superior Court on October 8, 2014.  (Notice of Removal, Ex. A (the "Complaint") (Docket No. 1)).  The Complaint charges Defendant with the unlawful detention of Plaintiff Flores in violation of California state law.  As alleged in the Complaint, on March 7, 2014, Flores was stopped by the Baldwin Park police department for vehicle code violations and then taken to the police station for photographing and fingerprinting.  (Compl. at ¶¶ 14–16).  Defendant subsequently placed Flores in a holding cell, where he was detained for over three days—from March 7 to March

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 14-9290-MWF(JCx)**               Date:  **February 23, 2015**
Title:        Sergio Flores, et al. -*v*- City of Baldwin Park, et al.

---

10—on the basis of an "immigration detainer," otherwise known as an "ICE hold." (*Id.* at ¶¶ 31, 40–41).  The Complaint alleges that Defendant refused to allow Flores to post bail on his vehicle code charges, despite the fact that he was willing and able to do so.  (*Id.* at ¶¶ 19, 23–24, 28).

      Plaintiffs argue that this detention violated the TRUST Act, California Government Code sections 7282–7282.5, which prohibits law enforcement officials from detaining individuals on the basis of an "ICE hold" after those individuals become eligible for release from custody, unless certain conditions are met, including, among other things, that the individual has been convicted of specified crimes.  Plaintiffs assert three state-law claims on behalf of Torres in light of this alleged violation: (1) false imprisonment, (2) negligence per se, and (3) violation of California's Bane Act.  Plaintiffs also assert a taxpayer action under California Code of Civil Procedure section 526(a) on behalf of Plaintiff Roxana Guevara, who seeks to enjoin Defendant from continuing to detain individuals in violation of California's TRUST Act.

      Defendant removed the action to this Court on December 3, 2014.  (Docket No. 1).  In its Notice of Removal, Defendant asserted that this Court has original jurisdiction over the action under 28 U.S.C. § 1331, because "it involves claims of constitutional violations and questions relating to federal immigration laws."  (*Id.* at 2).

      Plaintiffs brought the present Motion to Remand on December 19, 2014, arguing that the Complaint does not raise a substantial federal question that is necessary to the resolution of any of Plaintiffs' claims, and that the Defendant's anticipated or potential defenses based on the federal constitution, laws or treaties, cannot support removal of an action. (Docket No. 10).  Defendant filed its Opposition to this Motion to Remand on January 23, 2015, responding that "resolution of federal law immigration questions is necessary to resolve plaintiffs' claim that the TRUST Act was violated, which is the basis for both their false imprisonment and declaratory relief causes of action."  (Opp. at 1 (Docket No. 13)).  Alternatively, Defendant argues that the Court has original jurisdiction of this case on diversity grounds, as The GEO Group, Inc., a private correctional firm

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 14-9290-MWF(JCx)**              Date:  **February 23, 2015**
Title:      Sergio Flores, et al. -v- City of Baldwin Park, et al.

that operates the jail that detained Flores, is the proper Defendant here, and is headquartered in Florida.  (*Id.* at 5–6).  Plaintiffs filed their Reply on February 6, 2015.  (Docket No. 15).

**Request for Judicial Notice**

To support its Opposition, Defendant requests judicial notice of two documents: (1) a printout from City of Baldwin Park's police department website, showing information regarding the jail where Flores was held and its operator, the GEO Group, Inc.; and (2) Assembly Bill No. 4 (Ammiano), enacting the TRUST Act, Cal. Gov't Code sections 7282–7282.5.  (Docket No. 14).  Plaintiffs have not objected to either of these documents.

Judicial notice is appropriate under Federal Rule of Evidence 201 for facts "not subject to reasonable dispute," because they are either "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Moreover, "[i]t is not uncommon for courts to take judicial notice of factual information found on the world wide web." *O'Toole v. Northrop Grumman Corp*., 499 F.3d 1218, 1225 (10th Cir. 2007); *see also Matthews v. Nat'l Football Council*, 688 F.3d 1107, 1113 & n.5 (9th Cir. 2012) (granting a request for judicial notice of statistics available on the NFL's website).

Defendant's first request is for Internet documents apparently printed from a presumably reliable government website.  Defendant's second request is for publicly available legislative documents.  Both documents contain information that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).  Accordingly, Defendant's Request for Judicial Notice is **GRANTED**.

**Jurisdiction**

An action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  Federal courts are thus under a continuing duty to confirm their jurisdictional power and are "obliged to inquire

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 14-9290-MWF(JCx)**          Date:  **February 23, 2015**
Title:     Sergio Flores, et al. -v- City of Baldwin Park, et al.

*sua sponte* whenever a doubt arises as to [its] existence." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977). Moreover, the removal statutes are construed restrictively, so as to limit removal jurisdiction. Generally, doubts as to removability are resolved in favor of remanding the case to the state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 US 100, 108–109 (1941); *Gaus v. Miles, Inc.* 980 F2d 564, 566 (9th Cir. 1992).

A district court's removal jurisdiction is dependent upon original subject matter jurisdiction over the Plaintiffs' claims. In its Notice of Removal, Defendant asserts that the Complaint "is one which may be removed to this Court . . . pursuant to the provisions of 28 U.S.C. § 1441(b) and (c)." (Removal Notice at ¶ 3). Section 1441(b) allows for removal based on diversity of citizenship, and section 1441(c) allows for removal based on subject matter jurisdiction. The Court will examine both bases of jurisdiction below.

### *Federal question jurisdiction*

This Court has original jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As a general matter, a claim falls within that grant of jurisdiction "only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983); *see also Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013) (holding that 28 U.S.C. § 1338(a), which provides for exclusive federal jurisdiction over a case "arising under any Act of Congress relating to patents," does not deprive the state courts of subject matter jurisdiction over a state law claim alleging legal malpractice in a patent case).

A corollary of the "well-pleaded complaint" rule, however, is the "artful pleading rule," which provides that a plaintiff cannot avoid removal by declining to plead "necessary federal questions." *See Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998). "A federal court may exercise removal jurisdiction under the 'artful pleading' doctrine, even if a federal question does not appear on the face of a well-pleaded complaint, in three circumstances: (1) where federal law completely pre-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 14-9290-MWF(JCx)**            Date:  **February 23, 2015**
Title:       Sergio Flores, et al. -v- City of Baldwin Park, et al.

---

empts state law; (2) where the claim is necessarily federal in character; or (3) where the right to relief depends on the resolution of a substantial, disputed federal question." *T & E Pastorino Nursery v. Duke Energy Trading and Marketing, L.L.C.*, 268 F. Supp. 2d 1240, 1247 (S.D. Cal. 2003).

As to the third option—the substantial federal question doctrine—the Supreme Court has specified that where a claim is based on state rather than federal law, there may be federal jurisdiction only where the "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005). In *Gunn*, the Supreme Court reaffirmed the requirements explained in *Grable* for jurisdiction to exist. "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 133 S. Ct. at 1065. The Supreme Court has noted that this basis for jurisdiction is a "special and small category." *Gunn*, 133 S. Ct. at 1064 (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)).

There is no real dispute that state law, rather than federal law, creates the causes of action asserted here: false imprisonment, negligence per se, violation of California's Bane Act, and declaratory and injunctive relief under California Code of Civil Procedure section 526(a). Defendant nevertheless argues federal question jurisdiction is proper here because Plaintiffs have used "artful pleading" to disguise federal claims as state law claims. Specifically, Defendant argues that "a necessary federal question is implicated no matter what title plaintiffs have given to their causes of action: [i]mmigration." (Opp. at 3).

The Court disagrees. *First*, complete preemption does not apply here. The Supreme Court has found "the requisite extraordinary preemptive force to support complete preemption" in only a few limited areas, including "§ 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, . . . § 502(a) of the

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 14-9290-MWF(JCx)**              Date:  **February 23, 2015**
Title:        Sergio Flores, et al. -v- City of Baldwin Park, et al.

Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(a), . . . and §§ 85 and 86 of the National Bank Act." *Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 272 (2d Cir. 2005). Defendant argues that Article I, Section 8, clause 4 of the U.S. Constitution completely preempts Plaintiffs' claims by giving Congress the power to establish a "uniform Rule of Naturalization." (Opp. at 4). However, this constitutional clause does not create a cause of action, nor does it set forth procedures and remedies governing that cause of action, such that it would have preemptive effect. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6–8 (2003) ("Complete preemption" applies where "the federal statutes at issue provide[] the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action.").

Moreover, the Court rejects the idea that the presence of an immigration issue under the Secure Communities program completely preempts state law in this case. *See Immigration Law - Criminal Justice and Immigration Enforcement - California Limits Local Entities' Compliance with Immigration and Customs Enforcement Detainer Requests - TRUST Act*, 127 Harv. L. Rev. 2593, 2595 (2014) ("Federal law does not preempt the Trust Act, and California can limit local discretion to enforce detainers."). As one commentator has explained, "[t]hough the federal government retains the broad right to preempt state immigration laws, no plausible reading of [the Secure Communities program] suggests that the Trust Act has been preempted." *Id.* at 2596.

*Second*, the Court does not conclude that the claims asserted in the Complaint are necessarily federal in nature. "A claim is necessarily federal when it falls within the express terms of a statute granting federal courts exclusive jurisdiction over the subject matter of the claim." *T & E Pastorino Nursery*, 268 F. Supp. 2d at 1248 (internal quotation marks omitted). Defendant argues that Article I, Section 8, clause 4 of the U.S. Constitution entrusts the federal legislative branch with the power to "establish an uniform Rule of Naturalization," and therefore, "no matter what causes of action are alleged in the Complaint, as long as immigration is implicated, the Supremacy clause is at issue and by its very nature a federal question is presented." (Opp. at 4). However, there is no support for the assertion that the Supremacy Clause provides exclusive federal jurisdiction over any claim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 14-9290-MWF(JCx)**                Date:  **February 23, 2015**
Title:       Sergio Flores, et al. -v- City of Baldwin Park, et al.

---

that implicates immigration.  *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 (1986) ("[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction.").  Here the state law claims are based on the underlying violation of a state law, the California TRUST Act.  Even though the TRUST Act references federal immigration law and policy, it does not in fact grant federal courts exclusive jurisdiction over the subject matter of the claim.  *See Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir. 1996) ("[D]irect and indirect references to [federal law] in . . . state law causes of action do not make those claims into federal causes of action.").

*Third*, and finally, Plaintiffs' right to relief does not depend on the resolution of a substantial, disputed federal question.  As explained in the Reply, "Plaintiffs' claims turn on whether Defendants violated their *state law* duties when they denied Plaintiff Flores' right to post bail and detained him and others on the basis of immigration holds."  (Reply at 5–6).  The question before the Court would thus be whether the conditions under which the TRUST Act authorizes detention under an immigration hold were present.  To resolve this claim, the Court does not need to consider federal law.  In fact, as Plaintiffs point out in their Reply, federal law leaves compliance with immigration holds wholly within the discretion of states and localities.  *See Galarza v. Szalczyk*, 745 F.3d 634, 640–43 (3d Cir. 2014) (holding that "immigration detainers are requests and not mandatory orders" and observing that "all federal agencies and departments having an interest in the matter have consistently described such detainers as requests"); *Immigration Law*, 127 Harv. L. Rev. at 2596–97 ("And even if ICE wanted to make detainer enforcement mandatory, prevailing Tenth Amendment jurisprudence—which prohibits "command[ing] the States' officers, or those of their political subdivisions, to administer or enforce a federal regulatory program"—indicates that it could not do so.  States are thus free to decide for themselves whether to limit—or even prohibit—the enforcement of detainers.").  Therefore, there are no substantial, disputed federal issues before the Court on these claims.

Accordingly, the Court does not have federal question jurisdiction over the case, and removal was improper on this ground.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 14-9290-MWF(JCx)**              Date:  **February 23, 2015**
Title:       Sergio Flores, et al. -*v*- City of Baldwin Park, et al.

---

### *Diversity of Citizenship*

Defendant additionally argues that removal would be proper on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1441(b), "if plaintiffs were suing the appropriate party." Specifically, Defendant argues that all of the claims alleged in the Complaint concern Flores' detention in jail, and therefore The GEO Group, Inc., the private correctional firm that operates the jail in Baldwin Park, is the proper defendant in this case, and not the City of Baldwin Park. However, the GEO Group, Inc., is not a party. All the parties to this case are residents of California, and thus removal under § 1441(b) is not proper.

### Conclusion

Accordingly, the Court determines that it lacks jurisdiction to hear any of Plaintiffs' claims for relief. The Court therefore **GRANTS** the Motion and **REMANDS** this action to the Superior Court of the State of California for the County of Los Angeles. (Docket No. 10).

IT IS SO ORDERED.

---